UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON M. DRAYTON,<br><br>            Plaintiff<br><br>    v.<br><br>THOMAS MCGINLEY, *et al.*,<br>            Defendants. | CIVIL ACTION NO. 3:25-CV-00453<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Plaintiff Brandon M. Drayton ("Drayton") attempts to bring claims against several employees of the Pennsylvania Department of Corrections ("DOC") under 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Americans with Disability Act ("ADA"). (Doc. 1). Drayton has also filed a motion to proceed *in forma pauperis* and a motion for appointment of counsel. (Doc. 2; Doc. 3). The Court will grant Drayton's motion to proceed *in forma pauperis*, deny the motion for appointment of counsel, and screen the complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e). The Court will dismiss all claims brought under *Bivens* and claims brough under ADA against Defendants in their individual capacities and allow the remaining claims to proceed.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On March 11, 2025, the Court received and docketed a complaint (Doc. 1), an application to proceed *in forma pauperis* (Doc. 2), and a motion to appoint counsel (Doc. 3) from Drayton. The complaint names five defendants: (1) Thomas McGinley, Superintendent at SCI-Coal Township; (2) Jennifer Venesky, Psychological Service Specialist at SCI-Coal Township; (3) Nancy Wilson, Business Manager at SCI-Coal Township; (4) J. Schneck,

Hearing Examiner at SCI-Coal Township; and (5) Zackary Maslack, Chief Hearing Examiner. (Doc. 1).

Drayton raises multiple constitutional claims against the DOC employees in his complaint premised off the actions of the Defendants in relation to a disciplinary misconduct alleging he threatened his cellmate during an episode of mental health crisis. (Doc. 1).

**II.**  **28 U.S.C. § 1915A SCREENING**

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because Drayton is a prisoner suing a governmental employee and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the

complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals*

*Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

With these standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**III.   DISCUSSION**

A. *BIVENS* CLAIMS

In *Bivens*, the Supreme Court recognized an implied damages remedy for a Fourth Amendment violation committed by federal officials, whose conduct was not encompassed by the statutory remedy available against state actors under 42 U.S.C. § 1983. *See Bivens*, 403 U.S. at 397; *Bistrian v. Levi*, 912 F.3d 79, 88 (3rd Cir. 2018) ("*Bivens* is the short-hand name

4

given to causes of action against federal officials for alleged constitutional violations."). Here, Drayton's complaint clearly identifies individuals employed by the DOC, which is a state agency. (Doc. 1). Therefore, any claims brought under *Bivens* will be dismissed with prejudice as no federal officials are named in the action.

    B. ADA C<small>LAIMS</small>

Drayton seeks to set forth a claim that Defendants violated the ADA. (Doc. 1, at 9). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132(1). Individual defendants, however, are not public entities within the meaning of Title II of the ADA and, therefore, are not subject to suit. *Emerson v. Thiel College*, 296 F.3d 184, 189 (3d Cir. 2002) (individuals are not subject to liability under "Titles I or II of the ADA, which prohibit discrimination by employers and public entities respectively."); *Kokinda v. Pennsylvania Dep't of Corr.*, 779 F. App'x 938, 942 (3d Cir. 2019) (nonprecedential) (concluding that plaintiff's "claims for individual damages liability under Title II of the ADA fail for the simple reason that there is no such liability") (citations omitted). Thus, Dayton cannot maintain his ADA claim against the Defendants in their individual capacities and such claims will be dismissed with prejudice.

To the extent Drayton is suing the Defendants in their official capacities, the claim is viable as the Supreme Court has held that Title II of the ADA validly abrogates sovereign immunity as to state conduct that violates the Constitution. *United States v. Georgia*, 546 U.S. 151, 159 (2006); *see also Durham v. Kelley*, 82 F.4th 217, 224 (3d Cir. 2023) ("state officers *can* be sued for damages in their official capacities for purposes of the ADA and RA, unless barred

5

by the Eleventh Amendment") (emphasis in original).  Therefore, the court will dismiss the ADA claims against Defendants in their individual capacities.

### C. MOTION TO APPOINT COUNSEL

Also pending is Drayton's motion to appoint counsel. (Doc. 3). He seeks appointment of counsel because he cannot afford counsel, imprisonment greatly limits his ability to litigate the case, the issues in the case are complex, the case will likely involve conflicting testimony, and his attempts to obtain counsel on his own have been unsuccessful. (Doc. 3).

Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel in a civil case. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). However, a federal court may request that an attorney represent an indigent person on a *pro bono* basis. *See* 28 U.S.C. § 1915(e)(1). If the court determines that a claim has "arguable merit in fact and law," *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993), the court should consider the litigant's ability to proceed *pro se* in light of a number of additional non-exhaustive factors, including: (1) the plaintiff's ability to present his or her case; (2) the complexity of the particular legal issues; (3) the degree to which factual investigation is required and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) the plaintiff's ability to retain and afford counsel on his or her own behalf. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Parham v. Johnson*, 126 F.3d 454, 457-58 (3d Cir. 1997); *Tabron*, 6 F.3d at 155-57.

Assuming *arguendo* that Drayton presents claims of "arguable merit," the Court finds that appointment of counsel is not warranted at this time. Drayton claims that the case will require complex issues and that a trial would likely involve conflicting testimony. Although

litigation in federal court is not simple, the issues in this case do not appear "complex" in the sense of requiring specialized knowledge or expert testimony to understand. Defendants have not yet responded to the complaint, and it is premature to assess what issues will be contested or whether a trial will be required. Further, Drayton's well composed complaint suggests an ability to present his case. Accordingly, the motion will be denied without prejudice to reconsideration either *sua sponte* or upon a future motion.

**IV.   CONCLUSION**

Based on the afore mentioned reasons, the Court will grant Drayton's motion to proceed *in forma pauperis* and deny his motion for appointment of counsel. Additionally, following a screening of the complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C.1915(e), the Court will dismiss all claims brough against Defendants under *Bivens* and claim brought under the ADA against Defendants in their individual capacities.

An appropriate order follows.

Dated: May 13, 2025                                          *s/ Karoline Mehalchick*
                                                             **KAROLINE MEHALCHICK**
                                                             **United States District Judge**