UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON M. DRAYTON,<br><br>            Plaintiff<br><br>    v.<br><br>THOMAS MCGINLEY, *et al.*,<br><br>            Defendants. | CIVIL ACTION NO. 3:25-CV-00453<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is a pending motion to dismiss the complaint. (Doc. 13). Plaintiff Brandon M. Drayton ("Drayton") has failed to respond to this motion despite a court order requiring him to do so. (Doc. 17). Therefore, the Cout will grant Defendants' motion, dismiss the complaint, and close the case.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On March 11, 2025, the Court received and docketed a complaint (Doc. 1), an application to proceed *in forma pauperis* (Doc. 2), and a motion to appoint counsel (Doc. 3) filed Drayton. On May 13, 2025, the Court entered an order granting Drayton's motion to proceed *in forma pauperis* and screening the compliant pursuant to 28 U.S.C. § 1915A. (Doc. 8; Doc. 9). The Court dismissed all claims brought in the complaint under *Bivens* and the Americans with Disability Act ("ADA") and served the complaint on complaint on the Defendants. (Doc. 9).

Defendants then filed a motion to dismiss the complaint and brief in support on August 29, 2025. (Doc. 13; Doc. 14). Drayton did not respond to the pending motion to dismiss. On January 6, 2026, Defendants filed an order to show cause as to why the case should not be

dismissed under Fed. R. Civ. P. 41 for failure to prosecute. (Doc. 16). On January 13, 2026, the Court granted Defendants' motion and filed an order requiring Drayton to respond by January 27, 2026 or the Court would consider Defendants' motion as unopposed. (Doc. 17). To date, no response has been received from Drayton.

II. DISCUSSION

    A. UNDER THE RULES OF THIS COURT DEFENDANTS' MOTION SHOULD BE DEEMED UNOPPOSED AND GRANTED

Under the Local Rules of this Court, Drayton should be deemed to concur in this motion to dismiss since he has failed to timely oppose the motion or otherwise litigate this case. This procedural default completely frustrates and impedes efforts to resolve this matter in a timely and fair fashion, and under the rules of this Court Drayton's failure to act warrants dismissal of the action. Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on Drayton to respond to motions:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion.*, Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is well settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.'" *Williams v. Lebanon Farms Disposal, Inc.*, No. 09-1704, 2010 WL 3703808, at *1 (M.D. Pa. Aug. 26, 2010) (quoting *Stackhouse v.*

*Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991)) (internal quotations omitted). In this case, Drayton has not complied with Local Rules, or this Court's order, by filing a timely response to Defendants' motion. Therefore, these procedural defaults by the plaintiff compel the court to consider:

> [A] basic truth: we must remain mindful of the fact that the Federal Rules are meant to be applied in such a way as to promote justice. *See*, Fed.R.Civ.P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion . . ."

*Lease v. Fishel*, 712 F. Supp. 2d 359, 371 (M.D. Pa. 2010) (quoting *McCurdy v. American Bd. Of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir.1998)).

A failure by the Court to enforce compliance with the rules and impose the sanctions mandated by the rules when such rules are repeatedly breached, "would actually violate the dual mandate which guides this Court and motivates our system of justice: 'that courts should strive to resolve cases on their merits whenever possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion.'" *Lease*, 712 F. Supp. 2d at 371. Therefore, the Court is obliged to ensure that one party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules.

In this case, Drayton has failed to comply with Local Rule 7.6 by not filing a timely response to Defendants' motion to dismiss. This failure compels the Court to apply the sanction called for under Rule 7.6, deem the motion to be unopposed, and grant Defendants' motion.

B. DISMISSAL OF THIS CASE IS WARRANTED UNDER RULE 41

In addition, Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to prosecute or

to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted). That discretion, however, while broad, is governed by certain factors, commonly referred to as Poulis factors. As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir.1984).

*Emerson*, 296 F.3d at 190.

In exercising this discretion, "there is no 'magic formula' that we apply to determine whether a District Court has abused its discretion in dismissing for failure to prosecute." *Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011) (quoting *Briscoe v. Klaus*, 538 F.3d 252 (3d Cir. 2008)). Therefore, "[i]n balancing the Poulis factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." *Briscoe*, 538 F.3d at 263 (quoting *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). Consistent with this view, it is well settled that "'no single Poulis factor is dispositive,' [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.'" *Briscoe*, 538 F.3d at 263 (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *Mindek*, 964 F.2d at 1373). Moreover, recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors,

4

the Court of Appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se*, litigant who is not amenable to any lesser sanction. See, e.g., *Emerson*, 296 F.3d 184; *Tillio v. Mendelsohn*, 256 F. App'x 509 (3d Cir. 2007); *Reshard v. Lankenau Hospital*, 256 F. App'x 506 (3d Cir. 2007); *Azubuko v. Bell National Organization*, 243 F. App'x 728 (3d Cir. 2007).

In this case, an assessment of the Poulis factors weighs heavily in favor of dismissing this action. At the outset, a consideration of the first Poulis factor, the extent of the party's personal responsibility, shows that the failure to respond to the Court's prior order is entirely attributable to Drayton, who as a *pro se* litigant has failed to abide by the Court's order and respond to defense motions.

Similarly, the second Poulis factor, the prejudice to the adversary caused by the failure to abide by court orders, also calls for dismissal of this action. Drayton's failure to litigate this claim and respond to defense motions, now wholly frustrates and delays the resolution of this action. In such instances, the defendants are plainly prejudiced by the Drayton's continuing inaction and dismissal of the case clearly rests in the discretion of the trial judge. *Tillio*, 256 F. App'x 509 (failure to timely serve pleadings compels dismissal); *Reshard*, 256 F. App'x 506 (failure to comply with discovery compels dismissal); *Azubuko*, 243 F. App'x 728 (failure to file amended complaint prejudices defense and compels dismissal).

Under the third Poulis factor, the history of dilatoriness on the plaintiff's part, it becomes clear that dismissal of this action is now appropriate. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . ., or consistent tardiness in complying with court orders." *Briscoe*, 538 F.3d at 260-61 (quoting *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir.

1994)) (some citations omitted). Here, Drayton has ignored a motion to dismiss, despite being ordered to respond to this motion. Thus, Drayton's conduct displays "[e]xtensive or repeated delay or delinquency [and conduct which] constitutes a history of dilatoriness, such as consistent non-response ..., or consistent tardiness in complying with court orders." *Adams,* 29 F.3d at 874.

The fourth Poulis factor, whether the conduct of the party or the attorney was willful or in bad faith, also cuts against Drayton in this case. The Court must assess whether Drayton's conduct reflects mere inadvertence or willful conduct, in that it involved "strategic," "intentional or self-serving behavior," and not mere negligence. *Adams,* 29 F.3d at 875. At this juncture, Drayton has failed to comply with instructions of the Court to respond to Defendants' motion to dismiss and he had previously failed to respond to the motion to dismiss for several months. This demonstrates that Drayton's actions are not isolated, accidental, or inadvertent but instead reflect an ongoing disregard for this case and the Court's instructions.

Under the fifth Poulis factor, the effectiveness of sanctions other than dismissal, where the case involves a *pro se* litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative. See, e.g., *Briscoe,* 538 F.3d at 262-63; *Emerson,* 296 F.3d at 191. Here, Drayton's status as a *pro se* litigant severely limits the ability of the Court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion. By counseling Drayton on his obligations in this case at its inception through supplying the local rules (Doc. 5-3) and upon his failure to comply with those rules (Doc. 17), he was made aware of his obligation to the Court. Since he will not respond, the Court sees lesser sanctions as unavailable.

Under the final Poulis factor, the Court is to consider the meritoriousness of Drayton's claims. However, consideration of this factor cannot save Drayton's claims since he is noncompliant with the Court's instructions. Drayton cannot refuse to comply with court orders which are necessary to allow resolution of the merits of these claims, and then assert the untested merits of these claims as grounds for declining to dismiss the case. Furthermore, it is well settled that "'no single Poulis factor is dispositive,' [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.'" *Briscoe*, 538 F.3d at 263 (quoting *Ware*, 322 F.3d at 222; *Mindek*, 964 F.2d at 1373). Therefore, the untested merits of a non-compliant plaintiff's claims, standing alone, cannot prevent dismissal of a case for failure to prosecute. Therefore, all of the Poulis factors favor dismissal of this complaint.

### III. CONCLUSION

Based on the afore mentioned reasons, the Court will grant Defendants' motion, dismiss Drayton's complaint and instruct the Clerk of Court to close the case.

An appropriate order follows.

Dated: February 18, 2026

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**